UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>           Plaintiff,<br><br>   v.<br><br>KARL F. THOMPSON, JR.,<br><br>           Defendant. | No. CR-09-88-FVS<br><br>ORDER DENYING MOTION TO DISMISS |

**THIS MATTER** came before the Court on April 20, 2010, for a pretrial conference. At that time, the Court considered the defendant's motion to dismiss Count Two of the indictment. He was represented by Carl J. Oreskovich; the United States by Victor Boutros. This order serves to memorialize the Court's oral ruling.

**BACKGROUND**

A grand jury returned an indictment charging City of Spokane Police Officer Karl Thompson with two crimes. Count Two alleges he violated 18 U.S.C. § 1519, which states:

> Whoever knowingly alters, destroys, mutilates, conceals, covers up, falsifies, or makes a false entry in any record, document, or tangible object with the intent to impede, obstruct, or influence the investigation or proper administration of any matter within the jurisdiction of any department or agency of the United States or any case filed under title 11, or in relation to or contemplation of any such matter or case, shall be fined under this title, imprisoned not more than 20 years, or both.

Officer Thompson argues that, broadly speaking, § 1519 prohibits a

ORDER - 1

person from either destroying existing evidence or personally creating false evidence.  According to Officer Thompson, Count Two does not allege either circumstance.  It states he made "a false statement in an interview recorded on March 22, 2006, a transcription of which was reviewed and signed by [him] on March 27, 2006, with the intent to impede, obstruct and influence[] the investigation of a matter within the jurisdiction . . . of . . . the Federal Bureau of Investigation[.]"  (Indictment at 2.)  Officer Thompson argues a person who makes a false statement during the course of an interview does not violate § 1519 if his statement is reduced to writing by another person.  In such situations, says Officer Thompson, it is the transcriptionist, not the speaker, who creates the record.  Believing, as he does, that he did not make an entry in a record because he did not prepare the transcript of his interview, he moves to dismiss Count Two pursuant to Federal Rule of Criminal Procedure 12(b)(3)(B) on the ground it fails to state an offense.

### STANDARD

A motion to dismiss for failure to state an offense is governed by Rule 12(b)(3)(B).  *United States v. Boren*, 278 F.3d 911, 914 (9th Cir.2002).  Rule 12(b)(3)(B) states in pertinent part, "[A]t any time while the case is pending, the court may hear a claim that the indictment or information fails . . . to state an offense."  The Court's inquiry under Rule 12(b)(3)(B) is "narrow."  *United States v. Moore*, 563 F.3d 583, 586 (7th Cir.2009).  When determining whether an indictment states an offense, a court "is bound by the four corners of the indictment . . .[, and] "must accept the truth of the allegations in the indictment[.]"  *Boren*, 278 F.3d at 914 (citations omitted). "An indictment fails to state an offense if the specific facts alleged

ORDER - 2

in it 'fall beyond the scope of the relevant criminal statute, as a matter of statutory interpretation.'" *United States v. Vitillo*, 490 F.3d 314, 321 (3d Cir.2007) (quoting *United States v. Panarella*, 277 F.3d 678, 685 (3d Cir.2002)).

**RULING**

Section 1519 states, in pertinent part, "Whoever knowingly . . . makes a false entry in any record, document, or tangible object with the intent to impede, obstruct, or influence the investigation or proper administration of any matter within the jurisdiction of any department or agency of the United States[.]" The indictment alleges Officer Thompson committed the actus reus of the crime by reviewing and signing a transcript of an interview during which he made a false statement. Officer Thompson argues Count Two does not state a violation of § 1519 because it does not allege he prepared the transcript. He is mistaken. Nothing in the text of § 1519 indicates Congress intended to limit the statute in the manner he advocates.

"Federal crimes are defined by Congress, and so long as Congress acts within its constitutional power in enacting a criminal statute, [federal courts] must give effect to Congress' expressed intention concerning the scope of conduct prohibited." *United States v. Kozminski*, 487 U.S. 931, 939, 108 S.Ct. 2751, 101 L.Ed.2d 788 (1988). "The best evidence of [a statute's] purpose is the statutory text adopted by both Houses of Congress and submitted to the President." *West Virginia Univ. Hospitals, Inc. v. Casey*, 499 U.S. 83, 98, 111 S.Ct. 1138, 113 L.Ed.2d 68 (1991). Since Congress did not define the words "makes" and "record" when it enacted § 1519, the Court assumes Congress intended them to have their ordinary meanings. *See United States v. Santos*, 553 U.S. 507, ---, 128 S.Ct. 2020, 2024, 170 L.Ed.2d

ORDER - 3

912 (2009) (citing *Asgrow Seed Co. v. Winterboer*, 513 U.S. 179, 187, 115 S.Ct. 788, 130 L.Ed.2d 682 (1995)).  In this context, the most appropriate definition of the term "makes" is "[t]o cause (something) to exist ‹to make a record›[.]"  Black's Law Dictionary 1041 (9th Ed.2009).  The most appropriate definition of the term "record" is "[a] documentary account of past events, [usually] designed to memorialize those events."  *Id.* at 1387.  A person who reviews and signs a transcript of an interview he has given (which is what the indictment alleges) arguably adopts the transcript as his personal account of the events described therein; thereby causing the transcript to become a record within the meaning of § 1519.  Thus, Count Two is not defective because it fails to allege Officer Thompson prepared the transcript he allegedly reviewed and signed.

**IT IS HEREBY ORDERED:**

Officer Thompson's motion to dismiss Count Two (**Ct Rec. 118**) is **denied**.

**IT IS SO ORDERED.**  The District Court Executive is hereby directed to enter this order and furnish copies to counsel.

**DATED** this ___27th___ day of April, 2010.

                     s/ Fred Van Sickle
                         Fred Van Sickle
          Senior United States District Judge

ORDER - 4