UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>               Plaintiff,<br><br>      v.<br><br>KARL F. THOMPSON, JR.,<br><br>               Defendant. | No. CR-09-88-FVS<br><br>ORDER RE WILLIAM LEWINSKI |

**THIS MATTER** came before the Court on June 3, 2010, for a pretrial conference. One of the motions the Court considered was the government's motion in limine to exclude the expected testimony of defense expert William Lewinski. This order serves to memorialize the Court's oral ruling.

**BACKGROUND**

William Lewinski is a professor in the law enforcement program at Minnesota State University at Mankato. The defendant intends to elicit a number of opinions from him. At a minimum, they include whether a videotape is able to capture a law enforcement officer's perspective of the risk presented by a suspect; the manner in which an officer's training and experience shapes his perception of events; and the manner in which trauma influences an officer's ability to remember events. The government moves to exclude Professor Lewinski's expected testimony.

ORDER - 1

**QUALIFICATIONS**

The government argues Professor Lewinski is unqualified to render the opinions the defendant intends to elicit from him.

*Analysis:*

Professor Lewinski earned a Ph.D. from the Union Institute and University in Cincinnati, Ohio. As the government points out, this is not a prestigious institution. However, the materials submitted by the parties indicate Professor Lewinski has been active professionally. He has conducted research, written articles, and participated in conferences. Thus, while Professor Lewinski's formal academic credentials are not the strongest, he may have established himself as an expert through research, writing, and speaking.

**ADEQUACY OF DR. LEWINSKI'S REPORT**

The government complains Professor Lewinski's report does not provide specific examples of how his testimony applies to the facts of the case. Nor, in the government's opinion, does his report cite research as authority for his opinions.

*Analysis:*

The Court assumes the government is referring to Professor Lewinski's three-page report of April 15, 2010. If so, the government is correct about at least one thing. The report is insufficiently specific to enable the Court to determine whether Professor Lewinski's testimony is admissible.

**RESEARCH METHODS**

The government cites what it characterizes as Professor Lewinski's "most-recently published study" and then proceeds to

ORDER - 2

criticize the research methodology he employed.

*Analysis:*

Since the government did not provide a copy of the article, the Court cannot evaluate the merits of the government's argument.

**USE OF PEER-REVIEWED RESEARCH**

The government cites a different article and complains that, while Professor Lewinski relied upon peer-reviewed studies, the studies he relied upon do not support his conclusions.

*Analysis:*

Since the government did not provide a copy of Professor Lewinski's article or the studies he relied upon, the Court cannot evaluate the merits of the government's argument.

**RULINGS BY OTHER COURTS**

The government argues federal courts "routinely" limit or exclude Dr. Lewinski's testimony. The government cites five cases.

*Analysis:*

One of the cases the government cites is *White v. Gerardot*, 2008 WL 4724004 (N.D.Ind. Oct. 24, 2008). In *White*, the magistrate judge said:

> Dr. Lewinski, Defendant's expert in police psychology, opines that Gerardot faced a real, imminent threat; reasonably believed that he had to shoot immediately to defend himself; was correct in believing that Ford was a lethal threat to him; and that Gerardot focused on what he believed to be important during the encounter. Plaintiff seeks to exclude all of Dr. Lewinski's opinion, arguing that Dr. Lewinski's opinion attempts to bolster Gerardot's credibility to the jury and improperly intrude upon the province of the jury. . . .
> This Court will apply similar limitations to Dr.

ORDER - 3

> Lewinski that it applied to Kenneth Katsaris, Plaintiff's police procedure expert, for the same reasons articulated in this Court's Opinion addressing Katsaris. . . . Therefore, the following testimony by Dr. Lewinski will be precluded: (1) any opinion that Gerardot actually identified Ford as a threat; (2) any opinion that Gerardot reasonably believed he had to shoot immediately to defend himself; and (3) any opinion that Gerardot was correct, from an action/reaction perspective, in believing that Ford was a lethal threat to him. These are impermissible legal conclusions, attempt to bolster Gerardot's credibility, and improperly invade the province of the jury.
>
> However, Dr. Lewinski may testify about what a reasonable police officer would consider to be an "appearance of threat" and may testify about a reasonable officer's action and reaction time with a weapon under the circumstances presented.

*Id.* at *2. In view of the foregoing, the government is correct in stating the magistrate judge limited Professor Lewinski's testimony. However, the limitations the judge imposed were no greater than the limitations he imposed upon the plaintiff's expert.

**ON-LINE NEWSPAPER ARTICLE**

On April 28, 2010, an online newspaper named "*City Pages*" published an article that is critical of Professor Lewinski.

*Analysis:*

The article is a combination of fact and opinion. It is not always clear where the former ends and the latter begins. In any event, it is impossible to assess the accuracy of the article.

**USEFULNESS OF TESTIMONY**

The government argues the jury does not need assistance from Professor Lewinski. For one thing, he government submits the jury can see, from watching the security videos, that they do not capture all

ORDER - 4

of the information Officer Thompson would have perceived when he confronted Mr. Zehm.  For another thing, the government submits the jury can readily appreciate, without expert testimony, that Officer Thompson interpreted Mr. Zehm's "body language" when assessing whether he posed a threat.  Finally, while the government acknowledges stress can affect one's ability to recall an event, the government submits a jury does not need an expert to inform it of that fact.  For this last proposition, the government places great weight upon *United States v. Libby*, 461 F.Supp.2d 3 (D.D.C.2006).  In that case, the trial judge excluded expert testimony the defendant planned to offer regarding limitations upon memory.  The government urges the Court to do the same here.

*Analysis:*

The point of expert testimony is to assist the jury.  If the expert's testimony will not assist the jury, it is pointless.  Whether the above-described testimony will assist the jury is a close call.  However, the types of questions the government poses with respect to the utility of Professor Lewinski's testimony also may be posed with respect to some of the testimony the government plans to offer.  For example, do jurors really need experts to tell them what the security videos show?  And do jurors really need experts to tell them when a suspect presents a threat to the safety of an officer?

**CONCLUSION**

As of June 3, 2010, the Court lacked sufficient information to enable the Court to determine whether the expected testimony of Professor Lewinski is admissible.

ORDER - 5

**IT IS HEREBY ORDERED:**

The Court reserves ruling with respect to the admissibility of Professor Lewinski's testimony.

**IT IS SO ORDERED.** The District Court Executive is hereby directed to enter this order and furnish copies to counsel.

**DATED** this ___30th___ day of June, 2010.

                          s/ Fred Van Sickle
                            Fred Van Sickle
              Senior United States District Judge

ORDER - 6