UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

UNITED STATES OF AMERICA,

                 Plaintiff,

        v.

KARL F. THOMPSON, JR,

            Defendant.

No. CR-09-88-FVS

ORDER RE NOTES AND
MEMORANDA

    **THIS MATTER** comes before the Court for consideration of two
reports that have been prepared by Magistrate Judge James P. Hutton.
The government is represented by Timothy M. Durkin and Victor Boutros.
The defendant is represented by Carl J. Oreskovich.

    **BACKGROUND**

    The Court ordered the parties to provide reciprocal discovery.
This included pretrial disclosure of all statements that fall within
the scope of the Jencks Act, 18 U.S.C. § 3500, and Federal Rule of
Criminal Procedure 26.2.  During the Winter of 2010, the defendant's
lead attorney, Carl Oreskovich, interviewed a number of persons.
Typically, a paralegal and/or one of his associates was present.  Mr.
Oreskovich asked questions.  He and the person who accompanied him
took notes; though the principal note-taking was done either by the
paralegal or by the associate.  The government suspected their notes
contain information that is discoverable under the Jencks Act.
Consequently, the government asked the Court to order Mr. Oreskovich

ORDER - 1

to disclose any Jencks Act statements.  Mr. Oreskovich denied any of
the notes he and his colleagues had taken were discoverable.  The
Court referred the dispute to Magistrate Judge James P. Hutton on
April 28, 2010, for a report and recommendation.  28 U.S.C. §
636(b)(1)(B).  Magistrate Judge Hutton recognized the dispute that had
been referred to him involved an issue of fact, *United States v.
Miller*, 771 F.2d 1219, 1231-32 (9th Cir.1985), and he was authorized
to consider extrinsic evidence.  *Goldberg v. United States*, 425 U.S.
94, 108-09, 96 S.Ct. 1338, 47 L.Ed.2d 603 (1976).  Mr. Oreskovich's
paralegal, Jodi L. Dineen, sent two groups of items to Magistrate
Judge Hutton.  One group consisted of handwritten notes.  The other
group consisted of four typewritten memoranda.  On May 10th,
Magistrate Judge Hutton issued a Report and Recommendation.  He
concluded that none of the materials he had reviewed are discoverable.
However, he questioned whether he had received all of the relevant
materials.  The government moved for reconsideration.  In response,
Ms. Dineen submitted three additional sets of handwritten notes to
Magistrate Judge Hutton.  On May 27th, he issued a Supplemental Report
and Recommendation.  He adhered to his prior determination that the
handwritten notes are not discoverable under Rule 26.2.  However, he
changed his mind with respect to three of the typewritten memoranda.
He concluded they are discoverable.  Two of the memoranda were
prepared by Ms. Dineen.  One of the memoranda was prepared by
associate attorney Courtney A. Garcea.

At that point, trial was scheduled to commence on June 7th.  As
it turned out, trial did not commence on that day.  Instead,
proceedings were stayed while the government appealed an unrelated
evidentiary ruling.  The stay was lifted on May 31, 2011.  The parties

ORDER - 2

were to file pretrial motions no later than July 21, 2011.  The
defendant did not object to Magistrate Judge Hutton's Supplemental
Report and Recommendation until August 4, 2011.

Ms. Garcea and Ms. Dineen have submitted declarations in support
of the defendant's objection.  Ms. Dineen's declaration states in
pertinent part:

> The [typewritten] memo is my own narrative of what the
> witness told us based on my paraphrased notes.  When I
> include the exact words a witness said I put those in
> quotation marks to distinguish them from my own words.  The
> way in which I write the memo is so that someone who did not
> attend the interview could read my memo and understand what
> was said so it contains complete sentences made up of my own
> words, not the verbatim testimony of the witness.

Declaration of Jodi L. Dineen at 2.  Ms. Garcea's declaration is
similar.  Among other things, it states:

> Days, or often weeks after a witness interview, I sometimes
> prepare a typed memorandum using my own words to describe
> the content of the interview.  These memorandum do not
> contain exact wording or phrasing of the witnesses
> interviewed.  The typed memoranda contain my own language
> and reflect my own narrative based on my paraphrased notes.
> When I include the exact words of a witness, I use quotation
> marks to distinguish those statements from my narrative.
> For accessibility and easy comprehension, I reduce my
> handwritten notes to complete sentences.  These sentences
> are written in my own words and are not a verbatim account
> of what was said by the witness or interviewee.

Declaration of Courtney A. Garcea at 2.

**RULING**

A. Good cause exists for extending the 14-day deadline.

The defendant did not file an objection within 14 days of the

ORDER - 3

date upon which Magistrate Judge filed his Supplemental Report and Recommendation.  Thus, he has not complied with the letter of 28 U.S.C. § 636(b)(1) and Federal Rule of Criminal Procedure Rule 59(a). However, the 14-day deadline is not jurisdictional.  To the contrary, a district court may consider an untimely objection.  Fed.R.Crim.P. 59 advisory committee's note (2005 Amendments).  In this instance, there is good cause for doing so.  Magistrate Judge Hutton filed his Supplemental Report and Recommendation on May 27, 2010.  Jury selection was scheduled to begin on June 7th (11 days later).  On June 7th, just prior to jury selection, the government announced its intention to appeal an unrelated pretrial ruling.  As a practical matter, the government's announcement tolled the defendant's obligation to file an objection to Magistrate Judge Hutton's Supplemental Report and Recommendation.  Arguably, the defendant should have filed an objection by July 21, 2011, *i.e.*, the new deadline for filing pretrial motions.  Nevertheless, given the unusual circumstances of this case, the Court will consider the defendant's objection.

B. The materials that have been provided to the Court do not contain any Rule 26.2 statements by an interviewee.

The defendant takes issues with one aspect of Magistrate Judge Hutton's Supplemental Report and Recommendation; namely, his determination that three typewritten memoranda contain interviewee "statements" within the meaning of the Jencks Act and Federal Rule of Criminal Procedure 26.2.  It is useful to begin with subsection (a) of Rule 26.2:

> After a witness other than the defendant has testified on
> direct examination, the court, on motion of a party who did

ORDER - 4

> not call the witness, must order an attorney for the
> government or the defendant and the defendant's attorney to
> produce, for the examination and use of the moving party,
> any statement of the witness that is in their possession and
> that relates to the subject matter of the witness's
> testimony.

The above-quoted text establishes the scope of the defendant's duty of disclosure.  He must disclose (1) "any statement" of (2) a person whom he intends to call as a witness at trial that (3) "relates to the subject matter of the witness's [expected] testimony" and (4) is in his possession.  Of the preceding elements, it is the first element -- "any statement" -- that is in dispute.

The term "statement" is defined by Rule 26.2.  It includes the following:

> (1) a written statement that the witness makes and
> signs, or otherwise adopts or approves;
> (2) a substantially verbatim, contemporaneously
> recorded recital of the witness's oral statement that is
> contained in any recording or any transcription of a
> recording; or
> (3) the witness's statement to a grand jury, however
> taken or recorded, or a transcription of such a statement.

Fed.R.Crim.P. 26.2(f).  Neither subsection (1) nor subsection (3) is applicable.  Subsection (1) is inapplicable because Magistrate Judge Hutton has determined there is no evidence indicating any of the persons whom Mr. Oreskovich interviewed ever signed or approved the notes which Mr. Oreskovich and his colleagues took; a determination that is fully supported by the record.  Subsection (3) is inapplicable because the government is familiar with the testimony of the persons who testified before the grand jury.  Thus, the issue is whether subsection (2) is applicable.  In other words, the issue is whether

ORDER - 5

the disputed notes or memoranda contain "a substantially verbatim, contemporaneously recorded recital of the witness's oral statement[.]" Fed.R.Crim.P. 26.2(f).

The definition of the term "statement" that is set forth in Rule 26.2(f)(2) is the same in all material respects as the definition of the term "statement" that is set forth in the Jencks Act. *Compare* Fed.R.Crim.P. 26.2(f) (a "statement" is "a substantially verbatim, contemporaneously recorded recital of the witness's oral statement") *with* 18 U.S.C. § 3500(e)(2) (a "statement" is "a substantially verbatim recital of an oral statement made by said witness and recorded contemporaneously with the making of such oral statement"). As Magistrate Judge Hutton observed, one of the key phrases is "substantially verbatim."  In *Palermo v. United States*, 360 U.S. 343, 352-53, 79 S.Ct. 1217, 3 L.Ed.2d 1287 (1959), the Supreme Court explained:

> It is clear that Congress was concerned that only those
> statements which could properly be called the witness' own
> words should be made available to the defense for purposes
> of impeachment.  It was important that the statement could
> fairly be deemed to reflect fully and without distortion
> what had been said to the government agent.  Distortion can
> be a product of selectivity as well as the conscious or
> inadvertent infusion of the recorder's opinions or
> impressions.  It is clear from the continuous congressional
> emphasis on "substantially verbatim recital," and
> "continuous, narrative statements made by the witness
> recorded verbatim, or nearly so . . .," . . . that the
> legislation was designed to eliminate the danger of
> distortion and misrepresentation inherent in a report which
> merely selects portions, albeit accurately, from a lengthy
> oral recital.  Quoting out of context is one of the most
> frequent and powerful modes of misquotation.  We think it

ORDER - 6

consistent with this legislative history, and with the
generally restrictive terms of the statutory provision, to
require that summaries of an oral statement which evidence
substantial selection of material, or which were prepared
after the interview without the aid of complete notes, and
hence rest on the memory of the agent, are not to be
produced.

(Internal citation omitted.)  With these principles in mind, it is
appropriate to turn to the record.

The Court has examined the materials that were submitted to
Magistrate Judge Hutton.  In addition, the Court has read both of the
reports he issued.  Finally, the Court has read the declarations that
Ms. Garcea and Ms. Dineen filed during August of 2011.  (Magistrate
Judge Hutton did not have the benefit of their declarations when he
prepared his reports.)  Both Ms. Dineen and Ms. Garcea deny that
either their handwritten notes or their memoranda contain
substantially verbatim recitals of the interviewee's remarks.  To the
contrary, both insist their notes and memoranda paraphrase the
interviewee's remarks; the only exception being an occasional direct
quotation, which is signified by the use of quotation marks.  The
Court credits their declarations.  Consequently, it is now clear (as
it was not during May of 2010) that the disputed materials are largely
paraphrases of the interviewees' answers, with an occasional direct
quotation included.  No doubt, both the handwritten notes and the
memoranda closely track the answers given by the interviewees.
Nevertheless, the material in the notes and memoranda cannot be said
to be the interviewees' "own words[;] . . . fully and without
distortion[.]"  *Palermo*, 360 U.S. at 352, 79 S.Ct. 1217.  Thus,
neither the notes nor the memoranda contain Rule 26.2 statements by

ORDER - 7

the interviewee.

The government argues a paraphrase can constitute a Rule 26.2 statement.  As authority, the government cites *United States v. Griffin*, 659 F.2d 932, 938 (9th Cir.1981), *cert. denied*, 456 U.S. 949, 102 S.Ct. 2019, 72 L.Ed.2d 473 (1982).  In that case, the Department of Labor ("DOL") received a complaint that James Griffin had embezzled funds from a union.  DOL compliance officers began an investigation.  As part of the investigation, they interviewed a number of persons. *Id.* at 934-35.  At least some of the officers took handwritten notes during the course of the interviews.  The officers used their rough notes to prepare formal reports.  Some of the rough notes were destroyed.  Given the destruction, the district court dismissed the indictment.  *Id.* at 935-36.  On appeal, much of the focus was upon rough notes that had been destroyed by an Officer Logan.  One of the issues was whether her rough notes were "statements" within the meaning of the Jencks Act.  In that regard, the Ninth Circuit made the following observation, "Whether original notes can be considered 'statements' under the Jencks Act depends, first, on whose statement allegedly is contained therein; that is, against whose testimony at trial they could be used as impeachment material."  659 F.2d at 937. In *Griffin*, there were two possibilities.  If the interviewee testified as a government witness, counsel might use Officer Logan's rough notes to impeach the interviewee.  In that event, her notes potentially contained the interviewee's Jencks Act statements.  By contrast, if she testified as a government witness, counsel might use her notes to impeach her.  In that event, her notes potentially contained her Jencks Act statements. *See id.* The Ninth Circuit considered both possibilities; beginning with the possibility that her

ORDER - 8

rough notes contained the interviewee's Jencks Act statements. Officer Logan had submitted an affidavit concerning the contents of her rough notes. She said they "were not a verbatim transcription of the interviewee's remarks." *Id.* at 935. The Ninth Circuit said, "[I]f Officer Logan's testimony is unrefuted, the rough notes could not be Jencks Act statements of the interviewees under § 3500(e)(2) since they are not verbatim recitals of the interviewees' oral statements." 659 F.2d at 937. The Ninth Circuit also considered the possibility that her rough notes contained her statements for purposes of the Jencks Act. "[W]ith regard to that portion of an agent's notes which records his thoughts and observations independent of the interviewee's remarks, an agent's rough notes usually are considered too cryptic and incomplete to constitute the full statement envisioned by the Jencks Act." *Id.* But what if an agent's rough notes contained an interviewee's remarks? Could the interviewee's remarks be considered Jencks Acts statements vis-a-vis the agent and, thus, necessitate the disclosure of the agent's rough notes? "No," answered the Ninth Circuit:

> [T]hat portion of the agent's rough interview notes which does simply record, be it in either verbatim or paraphrased form, the interviewee's remarks cannot be a "statement" for Jencks Act purposes when the agent testifies as a government witness because it does not represent the agent's own words. As the Supreme Court recognized when it reviewed the legislative history of the Jencks Act in *Palermo v. United States*, 360 U.S. 343, 79 S.Ct. 1217, 3 L.Ed.2d 1287 (1957), "It is clear that Congress was concerned that only those statements which could properly be called the witness' own words should be available to the defense for purposes of impeachment." . . . Therefore, except in the unlikely event that the civil compliance officers recorded their own

observations during the interviews in complete and full form in their handwritten notes, the rough notes would not be Jencks Act statements producible for the purpose of impeaching the testimony of any one of the officers as a government witness at trial.

*Griffin*, 659 F.2d at 938.  In the preceding quotation, the Ninth Circuit hypothesized a situation in which an agent's rough notes contain a paraphrase of an interviewee's remarks.  However, one must consider the purpose of the hypothetical.  The Ninth Circuit was not determining whether a paraphrase of an interviewee's remarks can constitute the interviewee's Jencks Act statements.  The Ninth Circuit had already addressed that issue.  "[I]f Officer Logan's testimony is unrefuted," said the Ninth Circuit, "the rough notes could not be Jencks Act statements of the interviewees under § 3500(e)(2) since they are not verbatim recitals of the interviewees' oral statements." 659 F.2d at 937.  Instead, the Ninth Circuit was considering whether a paraphrase of an interviewee's remarks can constitute the agent's Jencks Act statements.  The Ninth Circuit responded in the negative; holding that an interviewee's remarks, whether verbatim or in paraphrased form, cannot be the agent's Jencks Act statements because they are not the agent's words.  In sum, nothing in *Griffin* suggests that notes and memoranda which paraphrase an interviewee's remarks can be said to contain the interviewee's Rule 26.2 statements.

    C. The disputed materials are analogous to the rough notes and written reports of non-testifying officers.

    The fact the disputed notes and memoranda do not contain an interviewee's Rule 26.2 statements is not the end of the matter.  The Court also must consider whether the disputed notes and memoranda are discoverable as the Rule 26.2 statements of either Ms. Dineen or Ms.

ORDER - 10

Garcia.  *See Griffin*, 659 F.2d at 938 n.4.  In order to resolve this issue, it is necessary to return to the text of Rule 26.2(a).  As will be recalled, the defendant "must disclose (1) any statement of (2) a person whom he intends to call as a witness at trial that (3) relates to the subject matter of the witness's expected testimony and (4) is in his possession."  *See supra* at 5 (internal punctuation omitted). Here, there is no reason to think either Ms. Dineen or Ms. Garcea will testify.  Thus, their notes and memoranda are analogous to the notes and memoranda of non-testifying officers.  As a result, they are not discoverable under Rule 26.2.

**CONCLUSION**

The Court asked Magistrate Judge Hutton to examine the disputed notes and memoranda during the Spring of 2010.  Trial was looming. The Court needed his assessment as soon as possible.  He quickly gathered the relevant materials and carefully and thoughtfully examined them.  The Court appreciates the time and effort he devoted to the project.  Not only that, but also the Court acknowledges his assessment of the notes and memoranda was not unreasonable given the information that was available to him at the time.  Since then, the record has expanded.  In view of the information that is now available, the Court finds the disputed notes and memoranda contain paraphrases of the interviewees' answers.  The paraphrases are not close enough to the interviewees' original answers such that the paraphrases can be said to be the interviewees' own words.  That is to say, the paraphrases are not substantially verbatim recitals of the interviewees' answers.  Consequently, the paraphrases do not constitute the interviewees' statements within the meaning of Rule 26.2.

ORDER - 11

**IT IS HEREBY ORDERED:**

1. The Court adopts Magistrate Judge Hutton's initial Report and Recommendation (**ECF No. 272**).

2. The Court denies the government's motion for reconsideration (**ECF No. 323**).

3. The Court declines to adopt Magistrate Judge Hutton's supplemental Report and Recommendation (**ECF No. 363**).  The notes and memoranda that have been submitted to the Court for *in camera* review are not subject to discovery pursuant to Federal Rule of Criminal Procedure 26.2.

**IT IS SO ORDERED.**  The District Court Executive is hereby directed to enter this order and furnish copies to Magistrate Judge Hutton and to counsel for the parties.

**DATED** this   19th   day of September, 2011.

                    s/ Fred Van Sickle
                    Fred Van Sickle
            Senior United States District Judge

ORDER - 12