UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| UNITED STATES OF AMERICA,<br><br>              Plaintiff,<br><br>     v.<br><br>KARL F. THOMPSON, JR.,<br><br>              Defendant. | No. CR-09-88-FVS<br><br>ORDER DENYING RECONSIDERATION OF THE "PRETRIAL ORDER RE ADMISSIBILITY OF INFORMATION THAT DID NOT PLAY A ROLE IN THE DEFENDANT'S DECISION-MAKING PROCESS" |
|---|---|

**THIS MATTER** came before the Court on September 29, 2011, and October 4, 2011, based upon the government's motion for reconsideration of an order excluding certain evidence concerning the alleged behavior of Otto Zehm.

**BACKGROUND**

During the Spring of 2010, the defendant moved to exclude evidence concerning the behavior of Otto Zehm of which he was unaware when he confronted Mr. Zehm; particularly evidence regarding some of Mr. Zehm's alleged behavior at an ATM. On June 18, 2010, the Court entered an order that is entitled "Pretrial Order Re Admissibility Of Information That Did Not Play A Role In The Defendant's Decision-Making Process." In essence, the Court granted the defendant's request. The government appealed. During oral argument, the government represented to the Ninth Circuit that the evidence in

ORDER - 1

question is not essential to prove its case beyond a reasonable doubt. The Ninth Circuit affirmed the Court's ruling. On July 21, 2011, the government asked this Court to reconsider. The defendant objects to the government's request.

**RULING**

The Court has carefully reviewed the parties' memoranda and oral arguments. Among other things, the Court has considered whether the risk of unfair prejudice can be reduced to an acceptable level by issuing a limiting instruction to the jury. Although the Court has observed that jurors attempt to follow the instructions they receive, there are limits to a juror's ability to compartmentalize evidence. The evidence under discussion is of a type the average juror would find difficult to compartmentalize. Furthermore, there is a dispute as to what occurred at the ATM. The defendant would be entitled to contest the government's version. This could lead to a trial within a trial. For these reasons, and the reasons set forth in the Court's order of June 18, 2010, the Court continues to adhere to its prior ruling.

**IT IS HEREBY ORDERED:**

The government's motion for reconsideration (**ECF No. 508**) is **denied.**

**IT IS SO ORDERED.** The District Court Executive is hereby directed to enter this order and furnish copies to counsel.

**DATED** this ___6th___ day of October, 2011.

s/ Fred Van Sickle
Fred Van Sickle
Senior United States District Judge

ORDER - 2